CARROLL, CHAS., Judge
(dissenting).
I respectfully dissent from the majority judgment of reversal in this case, because I am of the opinion that it was within the chancellor’s discretion to grant or to deny the request to make the bond surety a party defendant to the counterclaim in which the obligee was seeking a judgment against the principal on the bond.
Rule 1.13(8) F.R.C.P., provides that where the presence of other parties “is required for the granting of complete relief in the determination of a counterclaim,” the court shall order them brought in as defendants (to the counterclaim).
In order to obtain the relief sought on the counterclaim, that is, a judgment *797 against the principal on the bond, it was not necessary or “required” that the coun-terclaimant should also sue the surety on the bond. By an express provision of the bond, the principal and the surety were bound jointly and severally.
This was an equity suit, as to which rule 3.2, F.R.C.P., 31 F.S.A., provided that where a plaintiff (or, as in this suit, a counterclaimant) has joint and several demands against persons, “either as principals or as sureties,” it shall not be necessary to bring in all the persons liable, “but the plaintiff may proceed against one or more of the persons severally liable.”
As the presence of the surety, who was severally liable, was not necessary or required in order to seek a judgment by counterclaim against the plaintiff, who was the principal on the bond, it was not an abuse of discretion for the chancellor to deny the request to compel the presence of the surety in the suit, and I would not charge the learned chancellor with error for so ruling.